PAUL S. ROSENLUND (SBN 87660)
HELEN H. CHEN (SBN 213150)
HANCOCK ROTHERT & BUNSHOFT LLP
Four Embarcadero Center, Suite 300
San Francisco, California 94111-4168
Telephone: (415) 981-5550
Facsimile: (415) 955-2599
Email: PRosenlund@HRBLaw.com

Attorneys for Plaintiff
EXPRESS NEWS WEEKLY

**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COPY

| | |
|---|---|
| EXPRESS NEWS WEEKLY,<br><br>    Plaintiff,<br><br>  v.<br><br>PAN ASIA VENTURE CAPITAL CORPORATION, a California corporation,<br><br>    Defendant. | CASE NO. C 05-3326 JCS<br><br>**COMPLAINT FOR:**<br>**(1) Copyright Infringement**<br>**(2) Unfair Competition**<br>**(3) False Advertising**<br>**(4) Accounting**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, EXPRESS NEWS WEEKLY, alleges for its complaint against PAN ASIA VENTURE CAPITAL CORPORATION as follows:

**PARTIES**

1. Plaintiff, EXPRESS NEWS WEEKLY, is a corporation domiciled in the Hong Kong Special Administrative Region (SAR) of China, organized and existing under the laws of Hong Kong.

2. Upon information and belief, Defendant PAN ASIA VENTURE CAPITAL CORPORATION is a corporation organized and existing under the laws of California, with its principal place of business at 988 Market Street, San Francisco, California 94102, and doing business under the fictitious name "Chinese TV Guide" at 809 Sacramento Street, San Francisco, California 94108, as stated in fictitious business name statements filed with the San Francisco County Clerk.

[SFDOC:3152-002-811900.3]

COMPLAINT

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as the present case arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

4. This Court has personal jurisdiction over Defendant, a California corporation that resides in and/or does business in the State of California. In addition, the acts complained of herein occurred in the State of California and in this District.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400, because Defendant resides in this District, and because the acts complained of herein occurred in this District.

## INTRA-DISTRICT ASSIGNMENT

6. Pursuant to Civil L.R. 3-2(c), this action may be assigned on a district-wide basis because it is an Intellectual Property Action.

## FACTUAL BACKGROUND

**A.  Plaintiff's Business and Copyrighted Works**

7. Plaintiff is the Hong Kong publisher of "Express Weekly" and "Capital Weekly," periodicals containing original articles, photographs, illustrations, graphics and layout concerning news, business, entertainment and other subjects of popular interest ("the Works").

8. The Works were created and first published by Plaintiff in Hong Kong; they are protected under the copyright laws of the Hong Kong Special Administrative Region of the People's Republic of China, the United States of America, the United Kingdom, the People's Republic of China, the Berne Convention for the Protection of Literary and Artistic Works, the Universal Copyright Convention, the Convention establishing the World Intellectual Property Organisation, and other applicable laws.

9. Most, if not all, pages of the Works identify the publication of origin of the Works (e.g. "Express Weekly" or "Capital Weekly").

10. True and correct copies of cover pages and excerpts from April 12, 2005 editions of the Works are attached hereto as Exhibits A-1 through A-6.

**B. Defendant's Wrongful Conduct**

11. On information and belief, "Chinese TV Guide" is a Chinese-language periodical published by Defendant in San Francisco which derives a significant portion of its revenue from selling advertising space in the publication.

12. Without Plaintiff's consent or knowledge, Defendant has copied and republished exact duplicates of entire pages from the Works in its Chinese TV Guide publication. True and correct copies of the cover page and infringing excerpts from Defendant's Chinese TV Guide for the week of April 22-28, 2005 are attached hereto as Exhibits B-1 through B-5. Defendant's infringing copies, including text, photographs, graphics and layout, are virtually identical to the Works published ten days earlier, except that Defendant erased the names of Plaintiff's publications ("Express Weekly" or "Capital Weekly") and the corresponding page numbers from the margins of each page and inserted its own page number at the bottom of the page. In sum, Defendant literally cut and pasted Plaintiff's Works into its own publication.

13. The Exhibits are offered for example and are not intended to limit Plaintiff's claims, proof or recoveries. Plaintiff is informed and believes that Defendant has committed additional acts of infringement, that Defendant continues to engage in such conduct, and that Defendant will continue with such conduct in the future until enjoined by the court.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement, 17 U.S.C. § 501 *et seq.***

14. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

15. Defendant's unauthorized copying, printing, publishing, distributing, performing and other commercial use of the Works infringes Plaintiff's exclusive copyright interests in those Works.

16. Defendant has knowingly caused, participated in, materially contributed to and derived economic benefit from the infringement of Plaintiff's copyrighted Works, and Plaintiff has been damaged and continues to be damaged thereby.

///

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

17. Defendant's aforesaid conduct has been and continues to be intentional, willful, deliberate, and with full knowledge of Plaintiff's copyright interests and the infringement thereof.

18. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

19. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Works for any purpose, and to recover from Defendant all damages that Plaintiff has sustained and will sustain, and to recover from Defendant all gains, advantages and profits obtained by Defendant as a result thereof in amounts not yet known, and/or statutory damages for willful copyright infringement, as well as Plaintiff's costs and attorneys' fees incurred in this action pursuant under 17 U.S.C. § 501 *et seq.*

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a)**

20. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

21. In addition to infringing Plaintiff's copyrighted text and graphics from the Works in its Chinese TV guide, Defendant also has copied the layout, style and the complete look and feel of the pages on which the copyrighted Works were presented by Plaintiff.

22. There are substantial family and commercial ties between plaintiff's readers and advertisers in China on one hand and the Chinese community in San Francisco and elsewhere on the other hand who may have occasion to read or place advertising in the parties' respective publications. The aforesaid acts of Defendant are likely to cause confusion, mistake, or deception among readers and advertisers because references within the infringing publications falsely lead readers and advertisers to believe that Defendant's goods and services are published, endorsed or approved by, or otherwise connected with, Plaintiff or plaintiff's publications.

/ / /

/ / /

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

4

COMPLAINT

23. The confusion, mistake or deception referred to herein arises from the aforesaid acts of Defendant, which constitute unfair competition, false or misleading description of fact, or false or misleading representation of fact in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake or deception, and this case is "exceptional" under 15 U.S.C. § 1117(a).

25. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

26. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Works for any purpose, and from duplicating the look and feel, layout or style in which the Works are presented, and to recover from Defendant all damages that Plaintiff has sustained and will sustain, and to recover from Defendant all gains, advantages and profits obtained by Defendant as a result thereof in amounts not yet known, and/or statutory damages, as well as Plaintiff's costs and attorneys' fees incurred in this action pursuant under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

27. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

28. By using Plaintiff's Works without Plaintiff's permission, as well as the style, look and feel of their presentation, Defendant has misappropriated Plaintiff's property and valuable goodwill at no cost to Defendant and has unfairly benefited in California and any other jurisdictions in which Defendant has sold, distributed or published its infringing publications or sold or offered advertising which accompanies them.

/ / /

/ / /

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

5

COMPLAINT

29. The aforesaid acts of Defendant constitute unfair business practices and constitute unfair competition that have resulted, and continue to result, in substantial damage to Plaintiff's business, reputation, and goodwill.

30. The aforesaid acts of Defendant are in violation of California common law of unfair competition.

31. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### False Advertising, California Business & Professions Code §§ 17500, et seq.

32. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

33. Defendant's conduct as described above constitutes false advertising, in violation the California False Advertising Law, California Business & Professions Code §§ 17500 *et seq.*

34. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition, California Business & Professions Code §§ 17200 *et seq.*

35. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

36. Defendant's conduct as described above is unfair, unlawful and fraudulent, in violation the California Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.*

37. The aforesaid acts of Defendant have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

## SIXTH CLAIM FOR RELIEF

### Accounting

38. Plaintiff realleges and incorporates by reference each and every allegation contained in each paragraph above.

39. Plaintiff does not know the full extent to which Defendant has made unauthorized use of Plaintiff's protected works.

40. Plaintiff does not know the precise amount of money or other benefits which Defendant has received as a result of, or in connection with, its unauthorized use and exploitation of Plaintiff's protected works.

41. Defendant possesses records that reflect the full extent to which Defendant has misappropriated, copied, published, distributed and exploited Plaintiff's protected works, as well as the precise amount of money and other benefits Defendant has received as a result of and in connection with such conduct.

42. Plaintiff is therefore entitled to a full accounting of all Works and other property which Defendant has misappropriated, copied, distributed, and/or used in connection with any commercial activity, and the money, profits and other benefits received by Defendant as a result of, and connected to, its unauthorized use of the Works, including goodwill, all monies earned through selling advertising space, and any other goods or services in direct connection with Defendant's unauthorized use of the Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

(a) For a preliminary and permanent injunction providing that Defendant and its respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights in any works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), or encouraging, aiding or abetting others to do so, or otherwise infringing

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

7

COMPLAINT

upon Plaintiff's copyrighted works;

(b) For a preliminary and permanent injunction providing that Defendant and its respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly undertaking any acts of false advertising or unfair competition, including without limitation using the Works for any purpose, duplicating the look and feel, layout or style in which the Works are presented, or any acts which state, infer, suggest or which may mislead the public to believe that Defendant has created any of Plaintiff's works, that Defendant is the source of any works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), that Plaintiff is affiliated with Defendant or that Plaintiff has approved of or endorsed Defendant's publications, or encouraging, aiding or abetting others to do so;

(c) For interim orders and a final judgment ordering the impounding and destruction, or other reasonable disposition, of all infringing copies of Plaintiffs works and all plates, molds, matrices, masters, tapes, negatives, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503.

(d) For an award to Plaintiff, at its election, of either:

(i) actual damages and all profits and other benefits derived by Defendant as a result of its infringing activities, pursuant to 17 U.S.C. § 504(b), or,

(ii) statutory damages in the maximum amount of $150,000 with respect to each of Plaintiff's works, pursuant to 17 U.S.C. § 504(c)(2); and,

(e) For an award of such damages in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendant's unlawful acts, as well as profits attributable to Defendant's unlawful acts; and,

(f) For an accounting for all profits, goodwill and other benefits derived by Defendant for its unlawful acts; and,

(g) For an award to Plaintiff of its attorneys' fees and full costs; and,

(h) For an award of treble damages to Plaintiff; and,

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

8
COMPLAINT

(i) For such further relief as the Court may deem just and appropriate.

**<u>JURY TRIAL DEMANDED</u>**

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiff hereby demands a jury trial on all issues triable by jury.

DATED: August 15, 2005                    HANCOCK ROTHERT & BUNSHOFT LLP

By: _____
Paul S. Rosenlund
Attorneys for Plaintiff EXPRESS NEWS WEEKLY

HANCOCK ROTHERT &
BUNSHOFT LLP
FOUR EMBARCADERO CENTER
SAN FRANCISCO, CA 94111
(415) 981-5550

[SFDOC:3152-002-811900.3]

9
COMPLAINT